JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Florence Gilliard | MIDLAND FUNDING, LLC and X, Y, Z CORPORATIONS |

**(b)** County of Residence of First Listed Plaintiff    Montgomery County

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego, CA

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Vicki Piontek, Esq. - 951 Allentown Road, Lansdale, PA 19446
877-737-8617

Attorneys (If Known)

Lawrence J. Bartel, Esquire, 2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits.
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 195 Franchise

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE / PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing / Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities— Employment
- ☐ 446 Amer. w/Disabilities— Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 227, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $  14,751    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE _____ DOCKET NUMBER _____

DATE    January 9, 2015

SIGNATURE OF ATTORNEY OF RECORD    *Lawrence J. Bartel*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **FLORENCE GILLIARD** | o | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| MIDLAND FUNDING, LLC and X, Y, Z Corporations | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
       and Human Services denying plaintiff Social Security Benefits.                              ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d)   Asbestos-Cases involving claims for personal injury or property damage from
       exposure to asbestos.                                                                          ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
       commonly referred to as complex and that need special or intense management by
       the court.  (See reverse side of this form for a detailed explanation of special
       management cases.)                                                                            ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| January 9, 2015 | Lawrence J. Bartel | Midland Funding, LLC |
| Date | Attorney-at-law | Attorney for |
| | Lawrence J. Bartel, Esquire. | |

| | | Ljbartel@mdwcg.com |
|---|---|---|
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

551629

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Florence Gilliard c/o Vicki Piontek, Esq. - Davis Consumer Law Firm, 951 Allentown Road, Lansdale PA 19446 1-877-737-8617

Address of Defendant: Midland Funding, LLC c/o Lawrence J. Bartel, Esquire 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Montgomery County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　　Yes ☑　No ☐

Does this case involve multidistrict litigation possibilities?　　　　Yes ☐　No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　　Yes ☐　No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　　Yes ☐　No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?　　　Yes ☐　No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　　Yes ☐　No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
(Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Lawrence J. Bartel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: January 9, 2015　　　*Lawrence J. Bartel*　　　94006

Attorney-at-Law　　　　　　　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: January 9 2015　　　*Lawrence J. Bartel*　　　94006

Attorney-at-Law　　　　　　　　　　　　Attorney I.D.#

CIV. 609 (6/08)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Florence Gilliard                        :
                                         :
                 V.                      :        Civil Action
                                         :        No: _____
MIDLAND FUNDING, LLC and X, Y, Z         :
CORPORATIONS                             :

DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

☑          The nongovernmental corporate party, MIDLAND FUNDING, LLC _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           Encore Capital Group, Inc., a publicly-traded corporation, owns 10% or more of Midland Funding, LLC's stock

           _____

           _____

           _____

_1|9|15_____              _Laurence J. Bartel_____
      Date                                    Signature

                 Counsel for:   MIDLAND FUNDING, LLC _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

   (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
         two copies of a disclosure statement that:
         (1)   identifies any parent corporation and any publicly held corporation
               owning 10% or more of its stock;  or

         (2)   states that there is no such corporation.

   (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
         (1)   file the disclosure statement with its first appearance, pleading,
               petition, motion, response, or other request addressed to the court;
               and
         (2)   promptly file a supplemental statement if any required information
               changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Florence Gilliard                          :
                                           :
              V.                           :        Civil Action
                                           :        No: _____
MIDLAND FUNDING, LLC and X, Y, Z           :
CORPORATIONS                               :

DISCLOSURE STATEMENT FORM

Please check one box:

☐        The nongovernmental corporate party, _____
         , in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

☑        The nongovernmental corporate party, MIDLAND FUNDING, LLC _____
         , in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

         Encore Capital Group, Inc., a publicly-traded corporation, owns 10% or more of Midland Funding, LLC's stock
         _____
         _____
         _____

1/9/15                                     Laurena J. Bartl
_____                            _____
Date                                       Signature

                    Counsel for:   MIDLAND FUNDING, LLC _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
       (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
             two copies of a disclosure statement that:
             (1)    identifies any parent corporation and any publicly held corporation
                    owning 10% or more of its stock;  or

             (2)    states that there is no such corporation.

       (b)  TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
             (1)    file the disclosure statement with its first appearance, pleading,
                    petition, motion, response, or other request addressed to the court;
                    and
             (2)    promptly file a supplemental statement if any required information
                    changes.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FLORENCE GILLIARD,** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | |
| **MIDLAND FUNDING, LLC AND** | |
| **X, Y, Z CORPORATIONS** | |
| Defendant. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Midland Funding, LLC (hereinafter "MF"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Florence Gilliard</u> <u>v. Midland Funding, LLC and X, Y, Z Corporations</u>, docket no. 29264-2014, as filed in the Court of Common Pleas for Montgomery County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1. On or about November 20, 2014 Plaintiff filed the Action in the Court of Common Pleas for Montgomery County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2. MF first received notice of the Action on or about December 12, 2014, when it was served with Plaintiff's Complaint.

3.     Based on the foregoing, MF has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable. See 28 U.S.C. § 1446(b).

4.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by MF pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that MF violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5.     In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Montgomery County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.     Pursuant to 28 U.S.C. § 1446(d), MF will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Montgomery County Court of Common Pleas.

**WHEREFORE**, Defendant, Midland Funding, LLC notifies this Court that this Action is removed from the Court of Common Pleas for Montgomery County, Pennsylvania to the United States District Court for

the Eastern District of Pennsylvania pursuant to the provisions of 28

U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By: _Lawrence J. Bartel_
Lawrence J. Bartel, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2780 / (215) 575-0856 (f)
Ljbartel@mdwcg.com
Attorneys for Defendants
Midland Funding, LLC

Dated: January 9, 2015

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FLORENCE GILLIARD,

              Plaintiff,

   vs.

MIDLAND FUNDING, LLC AND

X, Y, Z CORPORATIONS

              Defendant.

**Civil Action No.**

### CERTIFICATE OF SERVICE

I, Lawrence J. Bartel, Esquire, do hereby certify that a true and correct copy of Defendant, Midland Funding, LLC's Notice of Removal was served upon the below-listed counsel of record by regular mail on January 12, 2015:

    Vicki Piontek, Esquire
    951 Allentown Road
    Lansdale, PA 19446
    Attorneys for Plaintiff
    Florence Gilliard

                    **MARSHALL DENNEHEY WARNER**
                    **COLEMAN & GOGGIN, P.C.**

By:    _Lawrence J. Bartel_____

                    Lawrence J. Bartel, Esquire
                    Attorneys for Defendants
                    Midland Funding, LLC

Dated:  _January 12, 2015_

4

IN THE COURT FO COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION- LAW

Florence Gilliard       :
c/o Piontek Law Office     :
951 Allentown Road      :
Lansdale, PA  19446      :
             :
v.       Plaintiff :  2014-29264
             :
Midland Funding, LLC     :
8875 Aero Drive Suite 200   :  Jury Trial Demanded
San Diego, CA 92123     :
and           :
X,Y,Z Corporations      :
      Defendant  :

## COMPLAINT

1. This is an action brought by a consumer for violation of alleged violations of the Fair Credit Reporting Act (FCRA), 15 USC 1681 et. seq.

2. Plaintiff is Florence Gilliard, an adult individual and resident of Pennsylvania, with a mailing address of 951 Allentown Road, Lansdale, PA  19446.

3. Defendants are the following.

   a. Midland Funding, LLC, 8875 Aero Drive Suite 200, San Diego, CA 92123 .

   b. X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

4.     Defendant(s) regularly transact(s) business throughout the Commonwealth of

Pennsylvania, and in this jurisdiction and obtains the benefit(s) of regularly

transacting business in this jurisdiction.

5.     A substantial portion of the transaction, occurrences, acts or omissions occurred

near this jurisdiction.

6.     Plaintiff resides in this jurisdiction.

## COUNT ONE:  VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 USC 1681 et. seq.

7.   All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

8.   At all times mentioned herein Plaintiff was a consumer as defined by the FCRA.

9.   At all times mentioned herein Defendant Midland Funding, LLC was a furnisher of information as defined by the FCRA.

10.   At all times mentioned in this Complaint, Transunion, LLC ("Transunion") was a consumer reporting agency (CRA) as defined by the FCRA, 15 USC 1681a et. seq. ad 15 USC 1681b et. seq.

11.   On or about 2/11/2014, 6/5/2014, 7/9/2014 and 9/12/2014, Plaintiff contacted Defendant Midland Funding, LLC in writing about an alleged consumer debt for First Bank of Delaware account that Defendant had placed on Plaintiff's Experian consumer report.  First Bank of Delaware was the original alleged creditor. Plaintiff's letters raised the following issues.

   a.   The amount of the balance.

   b.   Whether there was a contract to justify the balance.

   c.   Whether there were supporting documents to justify the balance.

12.   Despite the issues raised in Plaintiff's letters, Defendant Midland Funding, LLC did
      not conduct a reasonable investigation or obtain any supporting underlying
      documents about the information reported on Plaintiff's consumer report.  See

13.   On or about 9/14/2014, Plaintiff then disputed the account information with Experian
      Information Solutions, Inc., a consumer reporting agency (CRA) which had the
      account listed on Plaintiff's consumer report.

14.   Experian then contacted Defendant Midland Funding, LLC about Plaintiff's dispute.

15.   In response to Experian's inquiry, Defendant Midland Funding, LLC then verified the
      derogatory information to Transunion on or about October 21, 2014.

16.   Upon information and belief, Defendant verified the derogatory information to
      Experian without contacting the original alleged creditor and obtaining underlying
      documents such as the contract governing the account.

17.     Upon information and belief, Defendant verified the derogatory information to Experian without obtaining any additional documents from the original alleged creditor (First Bank of Delware) which demonstrated that Plaintiff had ever been legally responsible for the balance stated on Plaintiff's consumer report.

18.     Upon information and belief, Defendant verified the derogatory information to Experian without obtaining a copy of any written contract from the original alleged creditor (First Bank of Delaware) which demonstrated that Plaintiff had ever been legally responsible for the balance stated on Plaintiff's consumer report.

19.     Upon information and belief, Defendant verified the derogatory information to Experian without obtaining any proof that Defendant was legally responsible for the amount stated on her consumer report from the original alleged creditor (First Bank of Delaware).

20.     Defendant verified the derogatory information to Experian based on pure bald assertions without relying on any substantive business records.

21.     Defendant's verification procedures may have been adequate under the standards imposed by the Fair Debt Collection Practices, Act (15 USC 1692g et. seq.), but not under the Fair Credit Reporting Act (15 USC 1681 et. seq.). The FCRA requires a higher standard when a furnisher verifies derogatory information to a CRA.

22. The United States Court of Appeals for the Fourth Circuit held that the FCRA requires furnisher to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient but potentially incomplete or inaccurate customer account information. See *Johnson v. MBNA America Bank*, No. 03-1235 (February 11, 2004).

23. According to the Federal Trade Commission, a furnisher must refer to original account records while investigating a dispute. A furnisher should not be able to rely on abstract information state by the original alleged creditor. If the furnisher does not obtain original account records, the information should be deleted. See consent decree, U.S. v. Performance Capital Management (Bankr. C.D. Cal. Aug. 24, 2000).

24. Before verifying the derogatory information to Experian, Defendant undertook none of the steps mentioned in the above two (2) paragraphs.

25. In determining the reasonableness of Defendant's verification procedures under the FCRA, the Court should consider the totality of the circumstances and all relevant factors concerning the history of the disputed account.

26.   One factor that the Court should consider is that Plaintiff approached Defendant cautiously seeking to find out the legal justification for the balance claimed on her consumer report.  Defendant first raised her legitimate disputes with Defendant so that Defendant had a fair opportunity to research the legal basis for the claims on Plaintiff's report(s).  Plaintiff gave Defendant a fair chance to respond to her document requests before Plaintiff went to Transunion with her dispute.

27.   Whether an investigation procedure is reasonable is a question of fact which should be left to a Jury with some instruction by the Court.

28.   By verifying the disputed information to Experian without conducting an adequate reasonable investigation first, and having been given fair opportunity by Plaintiff to do so, Defendant(s) violated 15 USC 1681 s-2 et. seq.

29.   It is believed and averred that Defendant's failure to conduct a reasonable adequate investigation was a willful policy decision.

30.   Upon information and belief, it is averred that Defendant(s) have a standard practice policy which contradicts it's duties pursuant to 15 USC 1861 s-2.

## LIABILITY

31.  The previous paragraphs of this complaint are incorporated by reference.

32.  At all times mentioned in this Complaint Defendant(s) is liable to for the acts committed by its / their agents, representatives or employees under the doctrines of respondeat superior and / or agency.

33.  At all times mentioned in this Complaint, Defendant Midland Funding, LLC is responsible for the acts and omissions of Midland Credit Management, Inc. under the theory of joint and several liability and / or respondeat superior.

34.  Plaintiff bring this action against Defendant(s) under 15 USC 1681 s-2(b), as distinguished from 15 USC 1681s-2(a).

35.  There is no private cause of action under 15 USC 1681s-2(a).

36.  But there is a private cause of action under 15 USC 1681s-2(b).  See the following case law which distinguishes between the government right of action under 15 USC 1681s-2(a), and the private cause of action under 15 USC 1681s-2(b).

Marshall v. Swift River Academy, LLC, 2009 WL 1112768 (9th Cir. 2009).
A consumer has no private right of action under FCRA against furnisher merely because the furnisher failed to provide accurate information to consumer reporting agencies.

Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007 WL2332494, *1 (E.D. Pa. Aug. 10, 2007).
In order to prevail on a FCRA claim Plaintiff "must prove [he] notified a credit reporting agency of the dispute, the credit reporting agency then notified the furnisher of

information, and the furnisher of information failed to investigate or rectify the disputed charge.").

Catanzaro v. Experian Information Solutions, Inc., 671 F. Supp.2d 256, 260 (D. Mass. 2009).
Notification by a consumer reporting agency to the furnisher is a prerequisite for furnisher liability under FCRA.

Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3 (M.D. Pa. 2006). The Court dismissed Plaintiff's Complaint, but only because Plaintiff failed to allege that he disputed the accuracy of the debt to a credit agency, or that the credit agency thereafter reported dispute to defendant.

37.     Because Defendant(s) verified the derogatory information to the Credit Reporting

         Agency(ies) in a manner that was unacceptable under FCRA, Plaintiff does have a

         private cause of action against Defendant under these particular circumstances.

## DAMAGES

38.   The preceding paragraphs are incorporated by reference and made a part hereof.

39.   Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

40.   Plaintiff demands $1,000.00 statutory damages for violation of the FCRA, 15 USC 1681 et. seq.

41.   Plaintiff suffered some distress and anger as a result of Plaintiff's rights being violated by Plaintiff and likely the rights of other consumers as well. The value of Plaintiff's emotional distress shall be proven at trial.

42.   Plaintiff believes and avers that the acts committed by Defendant are willful, wanton intentional, or reckless at best. Plaintiff believes and avers that Defendant's acts are systemic. Therefore, punitive damages are warranted. Plaintiff damages should be determined by the Court.

## ATTORNEY FEES

43.   The previous paragraphs of this Complaint are incorporated by reference.

44.   Plaintiff believes and avers that  Plaintiff is entitled to reasonable attorney fees of

$1,750.0  at a rate of $350.00 per hour, described below.

a.   Consultation with client, review of file and drafting
of dispute letters, processing disputes                                  1

b.   Drafting , editing, review and filing of complaint,
amended complaint and related documents.                   2

c.   Follow up correspondence with Defense                       2

Total = 5                                                  $1,750.00

45.   Plaintiff's attorney fees continue to accrue as the case moves forward.

## OTHER RELIEF

46.     The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

47.     Plaintiff requests such other relief as this court may deem just and proper.

48.     Plaintiff requests and demands a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of   $2,751.00
enumerated as follows.


    $1.00 actual damages

    $1,000 statutory damages for FCRA violation

    $1,750.00 attorney fees

_____

      $2,751.00


Plaintiff also seeks costs.  Plaintiff demands a jury trial.  Plaintiff seeks such other relief as
this Court deems fair and just.


Vicki Piontek      11/20/14
Vicki Piontek, Esquire     Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com

IN THE COURT FO COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION- LAW

Florence Gilliard                              :
c/o Piontek Law Office                         :
951 Allentown Road                             :
Lansdale, PA  19446                            :
                                               :
v.                          Plaintiff          :
                                               :
Midland Funding, LLC                           :
8875 Aero Drive Suite 200                      :        Jury Trial Demanded
San Diego, CA 92123                            :
and                                            :
X,Y,Z Corporations                             :
                    Defendant                  :

## VERIFICATION

I, Florence Gilliard, have read the attached complaint. The facts stated therein are true and correct to the best of my knowledge, understanding and belief.


_____          10-25-2014
Florence Gilliard                    Date

# EXHIBITS



2014-29264-0002   12 5 2014 9:12 AM   = 10085062
Complaint In
Rept=Z2278919  Fee:$0.00  Exhibit 1
Mark Levy - MontCo Prothonotary



Florence C. Gilliard
1412 West Pacific Street
Philadelphia, PA 19140
(215)

MIDLAND CREDIT MANAGEMENT
8875 AERO Drive
SAN DIEGO CA 92123

**RE:   Florence C. Gilliard**          SSN:          DOB:
      **Account Number 853235....**
      **Alleged Balance $1,046.00**

To Whom it May Concern:

Your company has placed derogatory information on my consumer report. I wish to dispute the above referenced account. I am not disputing that this account pertains to me. But I am disputing the manner in which you have calculated the alleged balance.

I would like a copy of the contract which proves the amount of the balance that you are claiming. I also request a breakdown of the alleged balance including principle, interest, fees and other charges.

If you do not produce the se documents, then please remove the derogatory information from my consumer report.

Sincerely,

_Florence C. Gilliard_  2-11-14
Florence C. Gilliard        Date

 **mcm**

Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

Contact Information:
Hours of Operation:

Tel (800) 825-8131
M – Th 6am – 7pm
Fri – Sat 6am – 5pm
Sun 5am – 12:30pm Pacific Time

Original Creditor:        First Bank of Delaware
Original Account No.:     5259830010551106

Florence C Gilliard
1412 W Pacific St
Philadelphia, PA 19140-4115

MCM Account No.:          8532352046
Current Balance:          $0.00

03-03-2014

RE: First Bank of Delaware

Dear Florence,

The purpose of this letter is to advise you of the results of our investigation of your dispute of the credit reporting of your above-referenced account pursuant to the Fair Credit Reporting Act.

Please be advised that we have determined that our credit reporting of the above-referenced account is accurate or we have updated it with the three major credit bureaus to make it accurate. Please note that it typically takes 30-45 days for the credit reporting agencies to update your account.  Further, we will continue to request that the three major credit bureaus list the status of this account as "Disputed."

We can be reached at (800) 825-8131, Ext. 32980 should you have any further questions.


Sincerely,

Consumer Support Services

This account may still be reported on your credit report as unpaid.

0101100000033
0000 0000

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**          QC03

Important Disclosure Information:

> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

**MAIL PAYMENTS TO:** P.O. Box 60578, Los Angeles, CA 90060-0578

**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** 8875 Aero Drive, Suite 200, San Diego, CA 92123

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

**IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Midland Credit Management has a Colorado office with the following address and telephone number: 80 Garden Center, Suite 3, Broomfield, CO 80020. Telephone number: (303) 920-4763.

Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address: P.O. Box 60578, Los Angeles, CA 90060-0578

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:**
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POST MARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO MIDLAND CREDIT MANAGEMENT, INC.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777. Midland Credit Management, Inc. 8875 Aero Drive, Suite 200, San Diego, CA 92123

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

"Nonprofit credit counseling services may be available in the area."

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**IF YOU LIVE IN UTAH, THIS APPLIES TO YOU:**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IF YOU LIVE IN WYOMING, THIS APPLIES TO YOU:**
As required by law, you are hereby notified that a negative credit report on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Florence C. Gilliard
1412 West Pacific Street
Philadelphia, PA 19140
(21~

MIDLAND CREDIT MANAGEMENT
8875 AERO Drive
SAN DIEGO CA 92123

RE:   **Florence C. Gilliard**          SSN:           DOF
      **Account Number 8532352046**
      **Balance $0**
      **Alleged Past Balance $1,046.00**

To Whom it May Concern:

Your company has placed derogatory information on my consumer report. I wish to dispute the above referenced account. I am not disputing that this account pertains to me. But I am disputing the manner in which you have calculated the alleged past balance.

The balance is $0. But I am disputing that the balance was ever legally as high as $1,046.

I would like a copy of the contract which proves the amount of the alleged past balance that you are claiming. I also request a breakdown of the alleged balance including principle, interest, fees and other charges.

If you do not produce these documents, then please remove the derogatory information from my consumer report.

Sincerely,

*Florence C. Gilliard*          6/5/2014

Florence C. Gilliard          Date



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

Contact Information:     (800) 825-8131
Hours of Operation:      M – Th:  6:00am – 7:00pm PST
                         Fri:      6:00am – 5:00pm PST
                         Sat:      6:00am – 2:00pm PST
                         Sun:      5:00am – 1:30pm PST

Florence C Gilliard
1412 W Pacific St
Philadelphia, PA 19140-4115

Original Creditor:       First Bank of Delaware
Original Account No.:    5259830010551106
MCM Account No.:         8532352046
Current Balance:         $0.00

07-02-2014

RE: First Bank of Delaware

Dear Florence,

The above referenced account was settled on 09-28-2010. This letter confirms the full and final resolution of the above referenced account. You have no further financial obligation regarding MCM account 8532352046.

Pursuant to the Fair Credit Reporting Act, we are required to accurately report information regarding your account and our transactions with you. Deletion of this settled account from the credit bureaus would be inaccurate. Therefore, it will continue to be reported as paid. Please note that it typically takes 30-45 days for the credit reporting agencies to update your account, so this account may currently be reported on your credit report as unpaid.

We understand that you are disputing the accuracy of our records concerning this paid account. After reviewing all available information, we are unable to determine the nature of your dispute and have concluded that our records are accurate. Further, we will continue to request that the three major credit bureaus list the status of this account as "Disputed".

If you still believe that the account information is inaccurate, please provide a written explanation of the inaccuracies along with any supporting documentation to the address listed below:

Attention: Consumer Support Services
P.O. Box 939069
San Diego, CA 92193

Upon receipt of this new information we will reinvestigate our records.

We can also be reached at (800) 825-8131, Ext. 32980 should you have any further questions.

You may contact the credit reporting agencies by calling or writing:

| Equifax/CBI | Experian | Trans Union |
|---|---|---|
| PO Box 740241 | PO Box 2002 | PO Box 2000 |
| Atlanta, GA 30374-0241 | Allen, TX 75013 | Springfield, PA 19022-2000 |
| (800) 685-1111 | (888) 397-3742 | (800) 916-8800 |
| www.equifax.com | www.experian.com | www.transunion.com |

Sincerely,

Consumer Support Services

This account may still be reported on your credit report as unpaid.



0101800000281
0000 0000

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**          QCND

Florence C. Gilliard
1412 West Pacific Street
Philadelphia, PA 19140
(215)

MIDLAND CREDIT MANAGEMENT
8875 AERO Drive
SAN DIEGO CA 92123

RE:   **Florence C. Gilliard**        SSN:            DOB:
       **Account Number 8532352046**
       **Balance $0**
       **Alleged Past Balance $1,046.00**

To Whom it May Concern:

Your company has placed derogatory information on my consumer report. I wish to dispute the above referenced account. I am not disputing that this account pertains to me. But I am disputing the manner in which you have calculated the alleged past balance.

The balance is $0. But I am disputing that the balance was ever legally as high as $1,046.

I would like a copy of the contract which proves the amount of the alleged past balance that you are claiming. I also request a breakdown of the alleged balance including principle, interest, fees and other charges.

If you do not produce these documents, then please remove the derogatory information from my consumer report.

Sincerely,

*Florence C. Gilliard*  7-9-14
Florence C. Gilliard        Date

Florence C. Gilliard
1412 West Pacific Street
Philadelphia, PA 19140
(215)

MIDLAND CREDIT MANAGEMENT
8875 AERO Drive
SAN DIEGO CA 92123

**RE:  Florence C. Gilliard**          SSN                    DOB
      **Account Number 8532352046**
      **Balance $0**
      **Alleged Balance Before Being Paid Off $1,046.00**

To Whom it May Concern:

Your company has placed derogatory information on my consumer report. I wish to dispute the above referenced account. I am not disputing that this account pertains to me. But I am disputing the manner in which you have calculated the alleged past balance before it was paid off.

The balance is $0. But I am disputing that the balance was ever legally as high as $1,046.

I would like a copy of the contract which proves the amount of the alleged balance of $1046 that you claim was once due. I also request a breakdown of the alleged balance including principle, interest, fees and other charges.

If you do not produce these documents, then please remove the derogatory information from my consumer report.

Sincerely,

*Florence C. Gilliard*   9/12/14

Florence C. Gilliard          Date